**The JOSEPH & FEISS COMPANY,**
Appellant,

v.

**JOSEPH KANNER HAT CO., Inc.,**
Appellee.

Patent Appeal No. 7224.

United States Court of Customs
and Patent Appeals.

Nov. 12, 1964.

Albert L. Ely, Jr., Cleveland, Ohio, for appellant.

Judah B. Felshin, Stanley I. Rosen, Felshin & Rosen, New York City, for appellee.

Before RICH, Acting Chief Judge, and MARTIN, SMITH, and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

MARTIN, Judge.

This appeal requires us to determine which of the parties has superior rights in its mark. Since both parties concede that the marks and goods are so related that confusion is likely, the only remaining question is one of priority of trademark use.

In 1943 Kanner-Wald Inc., a corporate predecessor of appellee Joseph Kanner Hat Company (hereinafter Kanner), obtained trademark Registration No. 403,-460 for HENLEY CLUB for men's hats, claiming use since early 1939. In 1951 appellee republished HENLEY CLUB under section 12 of the Trademark Act of 1946, disclaiming the word "Henley" apart from the mark.

On July 25, 1956, The Joseph & Feiss Company (hereinafter J & F), appellant herein, filed application serial No. 12,813 for registration of HENLEY HOUSE for men's clothing, claiming use since June 29 of that year. On December 3, 1957, that application matured into Registration No. 655,275.

During the interim between J & F's filing and registration dates, however, Kanner's registration of HENLEY CLUB was canceled pursuant to section 8 of the Act. Kanner then filed, on April 21, 1959, application serial No. 71,956 for registration of HENLEY for men's hats, claiming, as did its predecessor, use since 1939. J & F subsequently filed a notice of opposition to this application, and Kanner countered with a petition for cancellation of J & F's HENLEY HOUSE registration. The Trademark.

---

[1]. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge Worley, pursuant to provisions of Section 294(d), Title 28 United States Code.

Trial and Appeal Board, in consolidated proceedings, dismissed appellant's opposition and ordered cancellation of the HENLEY HOUSE registration (reported at 136 USPQ 91). This appeal followed.

It is not challenged that J & F's proofs are sufficient to show continued and widespread use of its mark HENLEY HOUSE since June 29, 1956. As noted above, the determination of the question here thus turns on the effect of the evidence introduced on behalf of Kanner on the question of use of HENLEY CLUB and HENLEY. The board described that evidence in its initial opinion as follows:

"Joseph Kanner Hat Co., Inc. (hereinafter referred to as Kanner) is a manufacturer of men's hats. Kanner's vice-president, who has, since 1948, been fulltime with the company, a family business headed by his father, testified that prior to 1949 Kanner used 'HENLEY CLUB' as a mark for men's hats and that since 1949, Kanner has sold hats under the mark 'HENLEY'. Kanner, presently (testimony was taken on March 7, 1962), sells to but two customers, one of which operates a chain of men's shops, comprising five stores.

"The president of the chain operator dealing in Kanner's hats testified that his concern has been purchasing hats from Kanner under either 'HENLEY CLUB' or 'HENLEY' for approximately twenty-five years; that presently the hats bear the mark 'HENLEY'; and that quite a number of years ago, it was 'HENLEY CLUB'. This witness was not definite as to when 'HENLEY' superseded 'HENLEY CLUB'.

"Kanner's third witness, its general manager in charge of production and buying who has been with Kanner and its predecessors for thirty-four years, testified that 'HENLEY' supplanted 'HENLEY CLUB' a 'good many years ago' and that 'HENLEY' was used as the mark in January 1956 and that Kanner is still selling 'HENLEY' hats.

"A number of invoices from a lining manufacturer were introduced into evidence, apparently to show purchases by Kanner of linings bearing the designation 'HENLEY' as of a date prior to June 1956. There is an inconsistency in that these invoices identify the linings purchased at the various times designated therein by 'HENLEY' and 'HENLEY CLUB', notwithstanding testimony that the latter was not used after 1949. A similar inconsistency appeared in other invoices and records placed into evidence by Kanner. The explanation given by the officials who testified, is that the use of the term 'HENLEY CLUB' was used because of force of habit but that actually the linings of the hats bore the mark 'HENLEY'."

We find no manifest error in that analysis.

■■■ While portions of the testimony relating to appellee's use of its mark are neither clear nor precise, we believe the record as a whole fairly supports the factual determinations made by the board. Factual findings of a lower tribunal are normally accepted unless clearly erroneous. Ranney v. Bridges, 188 F.2d 588, 596, 38 CCPA 1044, 1056.

Accordingly we must agree with the board wherein it stated:

"That Kanner is using the mark 'HENLEY' is evident even from J & F's record. When Kanner began its use of 'HENLEY' is in dispute. Kanner contends its record clearly shows its use of 'HENLEY' since a date prior to June 29, 1956. * * * That these marks have been used interchangeably in such documents is apparent but it is clear from the testimony of the retailer of Kanner's hats that they were never used concurrently, rather 'HENLEY' superseded 'HENLEY CLUB' without any hiatus period between their use.

**1016**

The oral testimony, however, is sufficient to show that Kanner's use of 'HENLEY' as part of 'HENLEY CLUB' and per se preceded J & F's use of 'HENLEY HOUSE' and that such use has been continuous. Kanner's rights in 'HENLEY' are superior to J & F's rights in 'HENLEY HOUSE'."

■ Coming now to appellant's contention that the mark HENLEY is unregistrable because it is both a geographically descriptive word and a surname, we believe that the board did not err in declining to rule on that contention. It relates to a matter having no relevancy to the present proceedings which involve the question of whether appellee has superior rights in HENLEY as found by the board. In re Myers, 201 F.2d 379, 40 CCPA 747, cited by appellant does not support appellant's position.

In view of the above the decision of the board is affirmed.

Affirmed.